UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Adeeba Gul Magsi and Muhammad Ahmed Memon,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; TRACY RENAUD, Acting Director, U.S. Citizenship and Immigration Services; GREGORY A. RICHARDSON, Director, Texas Service Center, U.S. Citizenship and Immigration Services; "OFFICER XM 0382"; DEPARTMENT OF HOMELAND SECURITY; DAVID PEKOSKE, Acting Secretary of the U.S. Department of Homeland Security; UNITED STATES OF AMERICA,<br><br>Defendants | No. _____<br><br>**COMPLAINT FOR WRIT OF MANDAMUS TO COMPEL AGENCY ACTION** |

### I.   INTRODUCTION

1.   This is a civil action brought by Plaintiffs, Adeeba Gul Magsi and Muhammad Ahmed Memon, a mother and son duo, to compel Defendants, officers of the United States, to finalize the adjudication of their I-485, Application to

1

Register Permanent Residence or Adjust Status (hereinafter referred to as "I-485 application" or "application") originally filed on September 25, 2017.

2. Defendants have treated this case with gross negligence from the beginning. After losing Plaintiffs' case files permanently while in transit between their two service centers, they repeatedly asked for resubmissions, two of which they wrongfully rejected. And after more than three years, Defendants have yet to adjudicate the applications. Adjudication of the applications is a nondiscretionary ministerial duty owed to Plaintiffs. They have no other adequate remedy to obtain that right other than by way of this complaint.

## II.   PARTIES

3. Plaintiff Adeeba Gul Magsi is the beneficiary of an I-140, Petition for an Alien Worker, filed by her employer Ambassadors, LLC, based on which she filed for her I-485 application for permanent residence in the U.S.

4. Plaintiff Muhammad Ahmed Memon is Plaintiff Magsi's son and a derivative beneficiary of the approved I-140 petition. He filed his I-485 application at the same time as his mother.

5. Defendant U.S. Citizenship and Immigration Services ("USCIS") is an agency of the Department of Homeland Security and is responsible for overseeing the adjudication of immigration benefits.

6. Defendant Tracy Renaud is the Acting Director of USCIS, and is responsible for USCIS' policies, practices, and procedures, and oversees the USCIS officer responsible for making the decisions at issue in this case. Ms. Renaud is sued in her official capacity.

7. Defendant Gregory A. Richardson is the Director of the Texas Service Center, one of the service centers of the USCIS that is responsible for processing applications for adjustment of status. He is sued in his official capacity.

8. Defendant "Officer XM0382" is the USCIS Officer who has been assigned this case and is responsible for processing the applications. Officer XM0382 is sued in his official and individual capacity.

9. Defendant U.S. Department of Homeland Security ("DHS") is a cabinet department of the U.S. federal government responsible for immigration-related services, enforcement, and investigations. DHS oversees USCIS and its implementation of federal law and policy with respect to immigration benefit applications.

10. Defendant David Pekoske is the Acting Secretary of the U.S. Department of Homeland Security ("DHS"). He is sued in his official capacity.

### III.   JURISDICTION AND VENUE

11. Jurisdiction of the Court is predicated upon 28 U.S.C. §§ 1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and laws

of the United States, and the United States is a Defendant. This Court also has jurisdiction over the present action under 5 U.S.C. § 701 *et seq.*, the Administrative Procedure Act; and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty.

12. Venue is proper in this District under 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to claim occurred in this District, and Plaintiffs reside in Houston, Texas and no real property is involved in this action.

### IV.   STATEMENT OF FACTS

13. Plaintiff Magsi is a 51-year-old woman, native and citizen of Pakistan, who was legally admitted to the U.S. on or about Jun 3, 2017 on a tourist visa. Her son, Muhammad Ahmed Memon, 21, is also a native and citizen of Pakistan who came to the U.S. on a tourist visa on Jun 17, 2017.

14. Subsequently, a home healthcare service company, Ambassadors Caregivers, filed a petition with the USCIS on Plaintiff Magsi's behalf seeking to hire her as a private duty caregiver. An application to adjust their status to a lawful permanent resident was also filed concurrently with the petition on September 25, 2017. USCIS approved the petition on April 27, 2018. Exhibit A, Receipt Notice for I-485 Applications; Notice of Approved I-140 Petition.

15. On Jun 8, 2018, Plaintiffs received a notice from the USCIS stating that their case had been transferred from their Texas Service Center ("TSC") to their

National Benefits Center ("NBC") in Lee's Summit, Missouri, in order to "speed up processing." Exhibit B, Transfer Notices to National Benefits Center. A few months later, on November 26, 2018, Plaintiffs received a letter from the USCIS Office of Privacy alerting them that on or about June 22, 2017, a shipment containing their immigration files had been lost by the United Parcel Service (UPS) while in transit from the TSC to the NBC. Exhibit C, Letters from the Office of Privacy. However, the letter did not contain any information on how her case would be handled going forward or any instruction to re-submit the applications. Plaintiffs' counsel wrote to the Office of Privacy requesting more information about the lost file and inquiring where to re-send the applications if need be. Exhibit D, Letter to the Office of Privacy (December 5, 2018).  There was no response from the USCIS to this letter.

16.     Due to no further action by the USCIS on these applications, Plaintiffs' counsels followed up with the TSC's customer service email on January 2, 2019. Exhibit E, Email to TSC. There was no response from the USCIS to this email.

17.     As a corollary matter, on January 21, 2019, the USCIS completely discontinued all service center email addresses and directed all customers to use its "Contact Center" – a toll free number which failed to provide any assistance for case-specific questions like the one that Plaintiffs presented. *See* Exhibit F, USCIS Notice Regarding Case Assistance by Service Centers (Published Dec. 21, 2018).

18. Having received no communication from the USCIS after it informed Plaintiffs that their case files had been lost, Plaintiffs resorted to filing a complaint with the Ombudsman's Office on November 14, 2019. *See* Exhibit G, Ombudsman's Request and Confirmation of Submission.

19. Finally, more than two years since filing the I-485 applications, USCIS sent a Request for Evidence ("RFE") on December 4, 2019, informing Plaintiffs that their lost applications had not been located, except for an electronic copy of the forms and initial evidence. *See* Exhibit H, Request for Evidence – File Reconstruct. The notice informed Plaintiffs that to reconstruct the files, they needed to resubmit the supporting documents and evidence and provided specific instructions on how to do so. *Id*. The notice specifically instructed Plaintiffs **not** to include any fees since it had already been paid. *Id*. Plaintiffs immediately complied. *See* Exhibit I, Response to RFE - File Reconstruct (Jan 16, 2020).

20. USCIS rejected the Plaintiffs' response stating that no fee was included. *See* Exhibit J, First Rejection Notice (Feb 10, 2020).

21. Plaintiffs re-filed the entire submission to the USCIS pointing to the fact that it had erroneously rejected the filing and that it had instructed plaintiffs not to include the fees. *See* Exhibit K, First Re-submission (Mar 11, 2020). USCIS failed to respond to this resubmission for almost a month, issuing no receipt notices or any other communication. Concerned that the files had been lost again, Plaintiffs

submitted a service request on the USCIS website, explaining that the case had been pending for almost three years and that no receipt notification had been received for the re-submission of the documents. *See* Exhibit L, First Service Request (Apr 27, 2020). USCIS did not respond to this service request despite stating that a reply would be sent by May 19, 2020. *Id*.

22. Finally, USCIS rejected the Plaintiff's re-submission *again* for the exact same reason as before for not including filing fees and Plaintiffs *once again* resubmitted the requested documents. *See* Exhibit M, Second Re-submission (May 11, 2020). Plaintiffs immediately re-filed for the third time. *Id*.

23. To date, these applications remain pending. Since the initial filing, the applications have now been pending for **1,220 days** or more than 3 years and 4 months without adjudication or a reasonable timeframe for adjudication. The average processing times as listed on the USCIS website for these types of I-485 applications is 12-31.5 months. *See* Exhibit N, USCIS Case Processing Timeline for I-485 Applications at Texas Service Center.

24. Plaintiffs have made multiple service requests and have exhausted every means of resolving this issue before seeking relief from this Court.

## V. FIRST CLAIM FOR RELIEF
### Mandamus to compel adjudication under 28 U.S.C. § 1361

25. Plaintiffs incorporate by reference paragraphs 1-24 above.

26. 28 U.S.C. § 1361 provides that district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

27. A mandamus plaintiff must demonstrate that: "(1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available." *Hadad v. Scharfen*, 08-22608, 2009 U.S. Dist. LEXIS 26147, *2 (S.D. Fla. Mar 12, 2009) (citing *Jones v. Alexander,* 609 F.2d 778, 781 (5th Cir. 1980)).

28. Plaintiffs in this case have a clear right to the adjudication of the I-485 applications. They paid the filing fee and filed the applications with all required supporting documentation that demonstrated eligibility for the application. They duly attended their biometrics appointments and responded in a timely manner to the RFE sent by the USCIS. They have taken every step possible to provide the USCIS all evidence necessary to adjudicate the applications. They have done so *three* times while the USCIS lost their files and kept erroneously rejecting their submissions.

29. It has been more than three (3) years and Plaintiffs have been patiently waiting for this case to be resolved. However, the USCIS has failed to act by unreasonably delaying the applications. Plaintiffs are left with no other remedy.

## VI.   SECOND CLAIM FOR RELIEF

**<u>Violation of Administrative Procedure Act, 5 U.S.C. §§ 555, 706,</u>** *<u>et seq.</u>*

30.    Plaintiffs incorporate by reference paragraphs 1-29 above.

31.    USCIS's failure to adjudicate the Plaintiffs' I-485 applications violates the Administrative Procedure Act ("APA"), codified at 8 U.S.C. § 706. Section 706(1) states that a Court "shall compel an agency action unlawfully withheld or unreasonably delayed."

32.    Additionally, the APA at 5 U.S.C. § 555(b) states, "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

33.    When read together, 8 U.S.C. § 706(1) and 5 U.S.C. § 555(b) give the Plaintiffs "a right to have [their] application adjudicated within a reasonable time, and … USCIS has a concomitant duty to ensure this happens." *Hadad,* 2009 WL 654019, at *2. Deciding whether to grant or deny an application is a discrete action that USCIS is required to take." *Id.*

34.    The government cannot by inaction abuse its authority by failing to make a decision. *Accardi v Shaughnessy,* 347 U.S. 260 (1954). The USCIS has "a non-discretionary duty to act on applications before it by processing them." *Miranda v. Gonzales,* No. 08-20682-CIV-HOEVELER (S.D.Fla. Aug. 25, 2008). Furthermore, the USCIS does not have an unfettered discretion to put off deciding

9

an application for an unreasonable amount of time. "Such discretion would strip defendants' duty of any meaning: The duty to act is no duty at all if the deadline is eternity." *Saleem v. Keisler,* 520 F.Supp.2d 1048, 1055 (W.D.WIS.2007) (citation omitted). *See also Aslam v. Mukasey*, 531 F. Supp. 2d 736, 743 (E.D. Va. 2008) (finding a nearly three-year delay in the adjudication of an adjustment application unreasonable).

## VII. PRAYER FOR RELIEF

WHEREFORE, and in light of the foregoing, Plaintiff ZHAO and Plaintiff ALPHA PLASTICS, INC. pray that the Court:

i. Assume jurisdiction over this matter;

ii. Compel Defendants to perform their duty or duties to complete processing of the I-485 applications filed by the Plaintiffs;

iii. Grant an award of attorneys' fees and costs under the Equal Access to Justice Act; and,

iv. Grant Plaintiffs any other relief this court deems just and proper at law and in equity.

DATED: January 27, 2021                    Respectfully submitted,

/s/ Merina Shakya

Merina Shakya
Attorney-in-Charge
State Bar # 24089912

SDT # 3206704
Quan Law Group, PLLC
5444 Westheimer Rd., Ste. 1700
Houston, TX 77056
Ph. 713-625-9200
Fax. 713-625-9222


/s/ Gordon J. Quan

Gordon J. Quan
Managing   Attorney
State Bar # 6422400
SDT # 428346
Quan Law Group, PLLC
5444 Westheimer Rd., Ste. 1700
Houston, TX 77056
Ph. 713-625-9200
Fax. 713-625-9222